**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

WALTER R. SEXTON,                                                                                      PLAINTIFF
ADC # 111216

v.                                                  4:25CV00526-LPR-JTK

WATKINS, et al.                                                                                       DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge Lee P. Rudofsky.    Any party may file written objections to all or part of this

Recommendation.    If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.    By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

**I.      Introduction**

Walter R. Sexton ("Plaintiff") is an inmate at the Faulkner County, Arkansas, Detention

Center (the "Detention Center").    Plaintiff's Complaint is the operative pleading in this action.

(Doc. No. 1).    Plaintiff sued Captain Watkins, Lieutenant Harrison, Corporal Arditi, and Officers

C. Smith, Hervey, Hazelback, Jacob Cooper, Clark Ussery, and Rye in their personal and official

capacities.    (Id. at 1-3).

On December 9, 2025, the Court recommended that Defendants Hazelback and Hervey be terminated from this action for lack of service and failure to prosecute. (Doc. No. 33). The Court's Proposed Findings and Recommendation remains pending.

Defendants Watkins, Harrison, Arditi, Smith, Cooper, Ussery, and Rye (collectively, "Defendants") filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 34-36). On January 6, 2026, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by February 5, 2026. (Doc. No. 37). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.). Plaintiff did not seek an extension of time in which to respond. Plaintiff has not responded and the time for doing so has passed.

After careful consideration of the record before me and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.     Plaintiff's Claims

Plaintiff says that when he was placed in Unit One of the Detention Center, he was given an inferior floor mat. (Doc. No. 1 at 6). The mat was torn, had little stuffing, and reeked of urine and mildew. (Id.). Plaintiff asked a Detention Center staff member for a different mattress and was told new mattresses had been ordered. (Id.). But when the new mattresses arrived, Plaintiff did not receive one. (Id.). Defendants Rye and Ussery told Plaintiff there were not enough mats for inmates on the second floor. (Id.). Plaintiff inferred that inmates on the second floor were being denied a mattress because the second floor houses individuals with pending sex offense charges. (Id.). Defendants Smith, Hervey, Hazelback, Cooper, and Harrison told Plaintiff the new mats "aren't for y'all." (Doc. No. 1 at 6).

On or around March 25, 2025, Defendants Watkins, Harrison, Ussery, and others became angry and referred to people in cell 212 as "child molesters, morons, and referred to one gay inmate as Patti LaBell." (Id. at 7).    When Plaintiff asked Defendant Watkins why individuals with sex charges were not provided a mat, Defendant Watkins responded: "I don't owe you anything." (Id.).    Plaintiff believes he was discriminated against. (Id.).    He suffered physical pain from sleeping on an inferior mat on hard concrete.   (Id.).

III.    **Summary Judgment Standard**

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).   "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"   Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."   Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."   Local Rule 56.1, Rules of the United States District Court for the

Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Analysis

Defendants argue that Plaintiff failed to exhaust his claims against them.    (Doc. Nos. 34-36).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically

4

named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

The Court notes that Plaintiff did not contest any indisputable material fact submitted by Defendants. Accordingly, all material facts submitted by Defendants (Doc. No. 36) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e). (See also Doc. No. 37 directing Plaintiff to respond to Defendants' Statement of Facts and warning Plaintiff those facts may be deemed admitted if he does not do so).

At the time of the incidents giving rise to this lawsuit, the Detention Center had in place a grievance procedure. (Doc. No. 36 at ¶ 5; Doc. No. 36-1 at ¶ 5; Doc. No. 36-4; Doc. No. 36-5). Grievances may be filed on a paper form or on the kiosk. (Doc. No. 36-4 at 1). The policy defines the "grievance process" as "a process by which a detainee presents a claim of wrongdoing or alleged violation of their rights to the Staff of the Faulkner County Detention Center." (Doc. No. 36-5 at 1). Detainees must first attempt to verbally resolve their grievance. (Id.). If the problem cannot be resolved, the detainee must file a written grievance within 10 days of the incident or occurrence. (Id.). A grievance may address only one issue or problem and must explain the relief sought. (Id.). Grievances are generally answered within 10 days, though extensions may be necessary. (Id. at 2). If detainees wish to appeal the response to a grievance, the appeal must be filed within 5 working days of receiving the response. (Id. at 2). Responses to grievances are available on the kiosk. (Doc. No. 36-5 at 2). The policy differentiates grievances, requests, and medical requests. (Id. at 1).

In support of their Motion, Defendants presented the Affidavit of Doug Hunter, the Detention Center Administrator and custodian of Detention Center records. (Doc. No. 36-1 at ¶¶ 1-2). According to Mr. Hunter, Plaintiff did not file any grievance related to Plaintiff's claims

in this lawsuit.    (Id. at ¶¶ 7, 8).    Mr. Hunter attached copies of the relevant portions of Plaintiff's jail file to his Affidavit, including requests and grievances that Plaintiff filed.    (Doc. No. 36-1 at ¶ 3; Doc. No. 36-3).

The Court has reviewed the grievances Plaintiff filed.    The Court agrees that, based on the record before me, Plaintiff did not file a grievance related to his claims in this case.    And Plaintiff did not contest that fact.

The applicable grievance procedure gave inmates the right to file grievances and appeals. But Plaintiff did not file any grievance related to his claims in this lawsuit before he initiated this lawsuit.    And Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.    Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).    Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

As mentioned above, Plaintiff's claims against Defendants Hazelback and Hervey have already been dismissed. If United States District Judge Lee P. Rudofsky adopts the pending Recommendation (Doc. No. 33) and this Recommendation, there will be no remaining claims in this lawsuit.    As a result, the Court further recommends that Plaintiff's Complaint be dismissed.

## V.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 34) be GRANTED;

2.      Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust;

3.      Plaintiff's Complaint (Doc. No. 1) be DISMISSED; and

4.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the related Judgment would not be taken in good faith.

Dated this 11th day of February, 2026.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

7